UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAY 13 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

JANNAT CHOWDHURY,

Plaintiff,

v.

25-CV-1174 (JLS)

UNITED STATES DEPARTMENT OF STATE; U.S. EMBASSY IN DHAKA, BANGLADESH; MARCO RUBIO, *United States Secretary of State; and* TRACEY ANN JACOBSON, *Chargé d'affaires, ad interim, at the U.S. Embassy in Dhaka, Bangladesh,*

Defendants.

**DECISION AND ORDER**

Plaintiff Jannat Chowdhury brings this action against the United States Department of State, the U.S. Embassy in Dhaka, Bangladesh, Secretary of State Marco Rubio, and Tracey Ann Jacobson, the Chargé d'affiares, ad interim, at the U.S. Embassy in Dhaka, Bangladesh (collectively, "Defendants") in connection with Defendants' allegedly unlawful delay in adjudicating her husband's visa application. Dkt. 1 at 2–4. Plaintiff requests that this Court assume jurisdiction of this action and adjudicate her husband's immigration visa pursuant to its declaratory judgment authority. Dkt. 1 at 7. She also seeks three writs of mandamus to compel Defendants: (1) "to promptly complete all administrative processing within sixty days;" (2) "to issue an immigrant visa" to her husband, and (3) "to explain to Plaintiff the cause and nature of the delay and [to] inform Plaintiff of any action

that may be taken to accelerate processing of the visa application." *Id.* Finally, she asks for attorney's fees and costs. *Id.*

Defendants have moved to dismiss Plaintiff's claims. Dkt. 4. For the reasons that follow, Defendants' motion to dismiss is granted.

## LEGAL AND FACTUAL BACKGROUND

### I. THE I-130 IMMIGRANT VISA

Noncitizens who are "immediate relatives of a U.S. citizen and applying from abroad" to enter the United States must undergo "a two-step process" created by Congress. *Esghai v. U.S. Dep't of State*, 24 Civ. 2993 (PAE), 2024 WL 4753799, at *1 (S.D.N.Y. Nov. 12, 2024) (citing 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)). First, the citizen-relative must file "a petition with U.S. Citizenship and Immigration Services ("USCIS") to have the noncitizen classified as an immediate relative." *Id.* (citing 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)). After USCIS approves the petition, the noncitizen applicant may next "file a visa application with the U.S. Department of State's National Visa Center ("NVC")." *Id.* (citing 8 U.S.C. §§ 1201(a), 1202(a)). The noncitizen applicant "bears the burden of proof for establishing eligibility throughout this process." *Khan v. U.S. Dep't of State*, No. 3:23-CV-00093 (JCH), 722 F. Supp.3d 92 (D. Conn. Mar. 22, 2024) (citing 8 U.S.C. § 1361)). Once "the NVC determines that all preliminary steps have been accomplished, it marks the case file as 'documentarily complete' and works with the appropriate U.S. Embassy . . . to schedule an appointment for the applicant's in-person interview." *Id.* at 97 (quoting *Ahmed v. Bitter*, No. 23-CV-189, 2024 WL

22763, at *1 (E.D.N.Y. Jan. 2, 2024)). Based on the interview and application materials, the consular officer then either "'must' 'issue' or 'refuse' the visa." *Esghai*, 2024 WL at *1 (quoting 22 C.F.R. § 42.81(a)).

Thus, the consular officer's choice "is a binary one—if a visa is not 'issue[d],' it is by-definition 'refuse[d].'" *Balali v. U.S. Embassy Yerevan*, 3:25-CV-00144 (SVN), 2026 WL 252399, at *5 (D. Conn. Jan. 30, 2026) (quoting *Rashed v. Blinken*, No. 24 Civ. 964 (PAE), 2024 WL 4904701, at *4 (S.D.N.Y. Nov. 27, 2024)) (subsequent citation omitted). If a consular officer refuses a visa, the officer "may choose to place . . . [it] in administrative processing" if he or she "conclude[s] that the applicant could perhaps still receive a visa eventually if circumstances change." *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *2 (D.C. Cir. July 24, 2024) (citing 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)). This may happen, for example, if a consular officer receives new information about the applicant's case. *Id.* (citing 9 FAM § 306.2-2(A)(a)(2)). However, "[u]nless and until that happens, . . . the visa application remains officially refused." *Id.*

## II. THE COMPLAINT

Plaintiff Jannat Chowdhury is a U.S. citizen, and her husband, Md Rubel Ahmed, is a citizen of Bangladesh. Dkt. 1 at 4 ¶ 12. In February 2023, Plaintiff filed an I-130 visa petition on her husband's behalf. *Id.* at 4 ¶13. In January 2024, the I-130 petition was approved and, after it was processed at the NVC, an interview was scheduled with Mr. Ahmed at the embassy in Dhaka, Bangladesh, for May 19, 2025. *Id.* at 4 ¶¶ 15–16. Following the interview, his application was

placed in "administrative processing." *Id.* at 5 ¶24; *see also* Dkt. 4-2 at 1 (Defendants attaching to their motion to dismiss the Declaration of Samuel W. McDonald, which clarifies that "the consular officer refused" Plaintiff's husband's application because "additional security screening was required" for him to be eligible for the visa he sought).[1] As a result, Plaintiff has suffered severe "emotional, physical, and financial strain." Dkt. 1 at 6 ¶ 34.

Plaintiff brings two claims. First, she alleges that the failure of the U.S. Embassy in Dhaka to make a final determination of her husband's I-130 immigrant visa application constitutes an unlawfully withheld or unreasonably delayed agency action under the Administrative Procedure Act. *See id.* at 4–5 ¶¶ 19–29 (citing 5 U.S.C. § 706(1)). Second, she alleges that Defendants have deprived her of the "right to fundamental fairness in administrative adjudication" under the Fifth Amendment's Due Process Clause. *Id.* at 6 ¶¶ 30–34.

---

[1] The Court cites to Samuel W. McDonald's Declaration because the Court may look beyond the complaint to determine whether it has subject matter jurisdiction over the case. *See Angeles v. Grace Products, Inc.*, 20-cv-10167 (AJN), 2021 WL 4340427, at *2 n.2 (S.D.N.Y. Sep. 23, 2021) (deciding to consider an affidavit outside the complaint because the defendant in that case "raised various factual issues with respect to jurisdiction"); *see also Tariq v. Blinken*, No. 3:21-cv-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) (considering an affidavit outside the complaint attesting that the plaintiff's immigrant visa application was refused because it raised a question about whether the court had subject matter jurisdiction over the case).

## LEGAL STANDARD

### I. NATURE OF DEFENDANT'S MOTION

In form, Defendants moved to dismiss pursuant to Rule 12(b)(6). *See* Dkt. 4. In substance, however, Defendants' motion challenges Plaintiff's standing and asserts that the case is moot, *id.* at 4–8, which has implications for this Court's jurisdiction over the case. As a result, it is proper for this Court to construe Defendants' motion as one under Rule 12(b)(1). *See Evans v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3942 (MKB), 2017 WL 3396444, at *1 n.2 (E.D.N.Y. Aug. 8, 2017) (construing the defendant's motion as a Rule 12(b)(1) motion because the defendant moved to dismiss for lack of standing); *Servipronto De El Salvador, S.A. v. McDonald's Corp.*, 11 Civ. 4519 (KPF), 2020 WL 1673903, at *5 (S.D.N.Y. Apr. 6, 2020), *aff'd*, 837 F. App'x 817 (2d Cir. 2020) ("A challenge raising the issue of mootness is analyzed under Rule 12(b)(1), since it implicates the Court's subject matter jurisdiction."); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the [C]ourt's attention, the [C]ourt has the duty to dismiss the action *sua sponte*.").

### II. RULE 12(b)(1)

Whether this Court possesses the "statutory or constitutional power to adjudicate" this case is a "threshold inquiry." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)); *see also Witt v. Vill. of Mamaroneck*, 992 F. Supp. 2d 350, 357 (S.D.N.Y.

2014) (citing *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd sub nom. Baldessarre ex rel. Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 496 F. App'x 131 (2d Cir. 2012)) ("Where . . . a party also seeks dismissal on Rule 12(b)(6) grounds, the court must consider the Rule 12(b)(1) motion first."). If this Court does not possess the power to adjudicate the case, "Federal Rule of Civil Procedure 12(b)(1) requires that [the] action be dismissed for lack of subject matter jurisdiction." *Witt*, 992 at 357 (citing Fed. R. Civ. P. 12(b)(1)); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2006) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). "In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff." *Khan*, 722 F. Supp. 3d at 96 (citing *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 57 (2d Cir. 2016)). A district court may consider evidence outside of the pleadings while resolving "a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113).

## DISCUSSION

The doctrine of mootness bars the exercise of jurisdiction here. Article III of the Constitution requires that an "'actual controversy' persist throughout all stages

of litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). A case becomes moot and ceases to have an actual controversy, however, when "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he [or she] might have won in it." *FBI v. Fikre*, 601 U.S. 234, 240 (2024) (citing *Already, LLC*, 568 U.S. at 91). When this happens, "a federal court must dismiss the case." *Id.* The party asserting that a case is moot bears the burden of establishing that "a once-live case has become moot." *West Virginia v. EPA*, 597 U.S. 697, 719 (2022).

The relief that Plaintiff seeks is a "final decision" with respect to her husband's visa application. Dkt. 1 at 4; *see also id.* at 7 (requesting that the Court issue a writ of mandamus "compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa application."). Defendants maintain that this case was moot before it was even filed because Plaintiff already received a "final decision" regarding her husband's visa application. *See* Dkt. 4-1 at 7–8 ("Defendants acted by refusing the visa, and thus, there is no further action to compel."). Plaintiff agrees that her husband's application was placed in "administrative processing" after his interview, even though she disagrees that this was a final decision. *See* Dkt. 1 at 5 ¶ 24; Dkt. 6 at 13 (acknowledging that after the interview, the consular officer made a "subsequent request for additional

information")); *id.* at 14 (acknowledging that since the consular interview, "security checks [have been] ongoing").

Plaintiff's case is moot because she has, in fact, received a final decision on her husband's visa application. A consular officer's decision to refuse an "application and place it into administrative processing is a 'final decision.'" *Balali*, 2026 WL at *5 (quoting *Rashed*, 2024 WL at *4). As a consequence, this Court lacks subject matter jurisdiction over the case.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Accordingly, this action is dismissed in entirety without prejudice. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38–39 (2d Cir. 2002) (quoting *Hernandez v. Conriv Realty*

---

[2] It is worth noting that Plaintiff lacks standing to bring her due process claim because she did not list her husband as a plaintiff. The sponsor of a visa application "lacks standing to challenge on due process grounds the denial of . . . visa requests." *Al Makaaseb General Trading Co., Inc. v. Christopher*, 94 CIV. 1179 (CSH), 1995 WL 110117, at *4 (S.D.N.Y. Mar. 13, 1995) (citing *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 555 (2d Cir. 1975)); *see also Dep't of State v. Muñoz*, 602 U.S. 899, 909 (2024) ("a citizen does not have a fundamental liberty interest in her noncitizen husband being admitted to the country"). Moreover, with respect to consular nonreviewability, it is settled in this Circuit that the judiciary will not interfere in the visa process because that is committed to other branches. *See Wan Shin Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("It is settled that the judiciary will not interfere with the visa-issuing process."); *Nawaz v. U.S. Dep't of State*, 22-CV-05343 (DG) (RML), 2024 WL 99486, at *4–5 (E.D.N.Y. Jan. 9, 2024) (dismissing the plaintiff's unreasonable delay and due process claims under the doctrine of consular nonreviewability); *Ahmed v. Bitter*, 23-CV-189 (NGG) (RJL), 2024 WL 22763, at *4 (E.D.N.Y. Jan. 2, 2024) ("A majority of courts in this Circuit have extended [the doctrine of consular nonreviewability] to bar not only judicial review of consular decisions and actions, but to bar *any* part of the visa application process, including cases seeking to compel action on an application within a reasonable period of time.").

*Assocs.*, 182 F. 3d 121, 122 (2d Cir. 1999)) ("[A]bsent jurisdiction[,] 'federal courts do not have the power to dismiss with prejudice.'"). The Clerk of Court shall close this case.

SO ORDERED.

Dated: May 13, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE